# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTABAN D. HERNANDEZ, | 1:10-cv-01026-AWI-JLT HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION |
| v. | TO DISMISS  (Doc. 14) |
| CATHY ALLISON, Warden, | THIRTY DAY DEADLINE |
| Respondent. | |

## PROCEDURAL HISTORY

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner is currently in the custody of the California Department of Corrections serving an indeterminate sentence of fifteen years to life and a consecutive four year determinate sentence, pursuant to a judgment of the Superior Court of California, County of Kern, following his conviction by jury trial on June 5, 2007, of, inter alia, second degree murder and gross vehicular manslaughter while intoxicated.  (Doc. 1, p. 1).  Petitioner alleges that he appealed his conviction in the state courts and that, on June 10, 2009, his petition for review was denied by the California Supreme Court.  (Doc. 1, p. 2).  On his form petition, Petitioner indicates that he has filed one state habeas corpus petition, in the Superior Court for the County of Kern on October 9, 2007, raising three additional issues; however, Petitioner indicates he did not file any other state habeas

petitions related to the Kern County convictions.  (Id.).

On June 7, 2010, Petitioner filed the instant petition for writ of habeas corpus in this Court raising four claims: (1) that Petitioner's constitutional right to a jury trial was violated when consecutive sentences were imposed; (2) that the second-degree murder conviction should be set aside due to lack of probable cause as to implied malice; (3) that the gross vehicular manslaughter conviction should be set aside due to lack of probable cause as to gross negligence; and (4) that all elements of the charged offenses in counts one (murder) and two (manslaughter) were not proven at the preliminary hearing.  (Doc. 1, pp. 5-10; 15).

On July 2, 2010, the Court ordered Respondent to file a response to the petition.  (Doc. 5). On October 12, 2010, Respondent filed the instant motion to dismiss, contending that Petitioner had exhausted only the first claim in state court and therefore either Petitioner should withdraw the unexhausted claims or the petition should be dismissed.  (Doc. 14).  To date, Petitioner has not filed an opposition to the motion to dismiss.

**DISCUSSION**

A.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground."  The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing § 2254 Cases.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Here, Respondent is also contending that Petitioner has failed to fully exhaust his claims in state court.  Accordingly, based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

B.  Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights'" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the*

*claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

In Johnson, *we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.*

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

As mentioned, in the instant petition, Petitioner raises four grounds for relief. Respondent concedes that Ground One is exhausted because it was raised in Petitioner's petition for review in the California Supreme Court on direct appeal. (Doc. 16, Lodged Document ("LD") 1). However, Respondent argues that Grounds Two, Three, and Four have not been presented to the California Supreme Court and are therefore unexhausted. The Court has reviewed the petition for review filed with the California Supreme Court. It raises a single claim corresponding to Ground One in the instant petition. Petitioner does not allege in his petition that he presented the other three claims to the California Supreme Court. Thus, the Court finds that Petitioner has not exhausted the other three grounds.

Therefore, the instant petition is a mixed petition containing one exhausted claim and three unexhausted claims. The Court must dismiss a mixed petition without prejudice to give Petitioner an opportunity to exhaust the unexhausted claims if he can do so. See Rose, 455 U.S. at 521-22. However, before dismissing the petition, Petitioner will be provided with an opportunity to withdraw the unexhausted claims and go forward with the remaining exhausted claim.

## RECOMMENDATIONS

Accordingly, the Court HEREBY RECOMMENDS as follows:

1.  Respondent's motion to dismiss (Doc. 16), be GRANTED; and,

2.  The Petition for Writ of Habeas Corpus be DISMISSED without prejudice.[1]

---

[1] A dismissal for failure to exhaust is not a dismissal on the merits, and Petitioner will not be barred from returning to federal court after Petitioner exhausts available state remedies by 28 U.S.C. § 2244 (b)'s prohibition on filing second petitions. See In re Turner, 101 F.3d 1323 (9th Cir. 1996). However, the Supreme Court has held that:

1   This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Petitioner may, at his option, move to withdraw the three unexhausted claims within thirty (30) days of the date of service of this Findings and Recommendations and proceed with only the exhausted claim.  If Petitioner fails to withdraw the unexhausted claims within the thirty (30) day time frame, the Findings and Recommendations will be submitted to the District Judge for dismissal of the petition so Petitioner can return to state court to exhaust his unexhausted claim.  <u>Rose</u>, 455 U.S. at 520. This dismissal will not bar Petitioner from returning to federal court after exhausting available state remedies. ***However, this does <u>not</u> mean that Petitioner will not be subject to the one year statute of limitations imposed by 28 U.S.C. § 2244(d)***.  Although the limitations period is tolled while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it does not toll for the time an application is pending in federal court. <u>Duncan v. Walker</u>, 531 U.S. 991 (2001).

Within thirty (30) days after being served with a copy of this Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the Objections.  Provided Petitioner does not move to withdraw the unexhausted claims, the Findings and Recommendations will be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to

---

> [I]n the habeas corpus context it would be appropriate for an order dismissing a mixed petition to instruct an applicant that upon his return to federal court he is to bring only exhausted claims. See Fed. Rules Civ. Proc. 41(a) and (b).  Once the petitioner is made aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court.  The failure to comply with an order of the court is grounds for dismissal with prejudice. Fed. Rules Civ. Proc. 41(b).

<u>Slack v. McDaniel</u>, 529 U.S. 473, 489 (2000). Therefore, Petitioner is forewarned that in the event he returns to federal court and files a mixed petition of exhausted and unexhausted claims, the petition may be dismissed with prejudice.

1 | appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3 | IT IS SO ORDERED.

4 | Dated:  **December 2, 2010**                    /s/ Jennifer L. Thurston
                                                        UNITED STATES MAGISTRATE JUDGE