UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ESTEBAN HERNANDEZ, | ) | 1:10-cv-01026-AWI-JLT HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITIONER'S |
| | ) | MOTION FOR STAY OF PROCEEDINGS |
| | ) | (Doc. 19) |
| v. | ) | |
| | ) | ORDER PERMITTING PETITIONER |
| | ) | FIFTEEN DAYS TO WITHDRAW |
| CATHY ALLISON, Warden, | ) | UNEXHAUSTED CLAIMS AND PROCEED |
| | ) | ON GROUND ONE OR HAVE PETITION |
| Respondent. | ) | DISMISSED |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

Petitioner is currently in the custody of the California Department of Corrections serving an indeterminate sentence of fifteen years to life and a consecutive four year determinate sentence, pursuant to a judgment of the Superior Court of California, County of Kern, following his conviction by jury trial on June 5, 2007, of, inter alia, second degree murder and gross vehicular manslaughter while intoxicated. (Doc. 1, p. 1). Petitioner alleges that he appealed his conviction in the state courts and that, on June 10, 2009, his petition for review was denied by the California Supreme Court. (Doc. 1, p. 2). On his form petition, Petitioner indicates that he has filed one state habeas corpus petition, in the Superior Court for the County of Kern on October 9, 2007, raising three

1  additional issues; however, Petitioner indicates he did not file any other state habeas petitions related
2  to the Kern County convictions.  (Id.).
3        On June 7, 2010, Petitioner filed the instant petition for writ of habeas corpus in this Court
4  raising four claims: (1) that Petitioner's constitutional right to a jury trial was violated when
5  consecutive sentences were imposed; (2) that the second-degree murder conviction should be set
6  aside because insufficient evidence of implied malice was presented at the preliminary hearing; (3)
7  the "mere" fact that Petitioner was driving a motor vehicle while under the influence of alcohol was
8  insufficient evidence of gross vehicular manslaughter at the preliminary hearing; and (4) that the
9  information must be set aside because each element of the charged offenses was not established at
10  the preliminary hearing.  (Doc. 1, pp. 5-10; 15).
11        On July 2, 2010, the Court ordered Respondent to file a response to the petition.  (Doc. 5).
12  On October 12, 2010, Respondent filed the instant motion to dismiss, contending that Petitioner had
13  exhausted only the first claim in state court and therefore either Petitioner should withdraw the
14  unexhausted claims or the petition should be dismissed.  (Doc. 14).  On December 2, 2010, the Court
15  issued Findings and Recommendations to grant Respondent's motion to dismiss.  (Doc. 17).  On
16  January 11, 2011, with no objections having been filed, the District Judge adopted the Findings and
17  Recommendations, granted the motion to dismiss, and ordered that Petitioner file a motion
18  voluntarily withdrawing the three unexhausted claims within thirty days or risk having the entire
19  petition dismissed as a mixed petition.  (Doc. 18).  On February 7, 2011, Petitioner filed the instant
20  motion to stay proceedings while he exhausts the three unexhausted claims in state court.  (Doc. 19).
21  On February 28, 2011, Respondent filed an opposition, arguing that any newly exhausted claims
22  would be untimely, that Petitioner had not acted with diligence in this case, and that, in any event,
23  the unexhausted claims are clearly without merit and raise only issues of state law.  (Doc. 20).
24        For the reasons set forth below, the Court agrees with Respondent and will deny the stay.

## **DISCUSSION**

26        Traditionally, a district court has had the discretion to stay a petition which it may validly
27  consider on the merits.  Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-988 (9th
28  Cir. 1998); Greenawalt v. Stewar7, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1002

(1997).  However, the Ninth Circuit has held that Taylor in no way granted "district courts carte blanche to stay even fully exhausted habeas petitions."  Taylor, 134 F.3d at 988 n. 11.  Granting a stay is appropriate where there is no intention on the part of the Petitioner to delay or harass and in order to avoid piecemeal litigation.  Id.  In addition, the Ninth Circuit has indicated that it is proper for a district court, in its discretion, to hold a petition containing only exhausted claims in abeyance in order to permit the petitioner to return to state court to exhaust his state remedies.  Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2004); Ford v. Hubbard, 305 F.3d 875, 882-883 (9th Cir. 2002); James v. Pliler, 269 F.3d 1124, 1126-1127 (9th Cir. 2002); Taylor, 134 F.3d 981.

     Notwithstanding the foregoing, until recently, federal case law continued to require that the Court dismiss "mixed" petitions containing both exhausted and unexhausted claims.  Rose v. Lundy, 455 U.S. 509 (1982).  However, on March 30, 2005, the United States Supreme Court decided Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005).   Recognizing that "[a]s a result of the interplay between AEDPA's 1-year statute of limitations[1] and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims," the Supreme Court held that federal courts may now issue "stay and abey" orders under appropriate circumstances to permit petitioners to exhaust unexhausted claims before proceeding with their federal petitions.  Rhines, 544 U.S. at 275. In so holding, the Supreme Court noted that, while the procedure should be "available only in limited circumstances," it "likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  Id. at 277.  When a petitioner has met these requirements, his interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions.  Id.

     Here, Petitioner seeks a Rhines stay for this mixed petition, contending that he wishes to exhaust Grounds Two, Three, and Four.  Respondent opposes the stay, arguing that any new claims would be time-barred and that the three existing unexhausted claims in the instant petition do not

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA), 28 U.S.C. § 1244(d).

raise cognizable habeas claims.

First, the Court reads Petitioner's motion for stay to refer only to the three unexhausted claims presently contained in the petition. In discussing <u>Rhines</u>, Petitioner's motion argues that Grounds Two, Three, and Four are not "plainly meritless." (Doc. 19, p. 4). Also, the motion argues that Petitioner should not be prevented from presenting "his three claims to the state court in a petition for habeas corpus." (<u>Id</u>., p. 5). Petitioner's motion does not identify any new issues not already contained within the instant petition that he wishes to exhaust.

The Court will take Petitioner at his word that the three claims he now wishes to exhaust are those unexhausted claims identified by the Court in its December 2, 2010 Findings and Recommendations. That being the case, there is no timeliness issue regarding those three claims since they are already part of the instant petition and <u>Rhines</u> clearly contemplates that staying a mixed petition would not create a timeliness problem under the AEDPA once the unexhausted claims have been exhausted.

However, timeliness is not the only hurdle Petitioner must surmount. <u>Rhines</u> imposes additional requirements, i.e., that Petitioner establish good cause for failure to exhaust his claims, that he act with diligence, and that the unexhausted claims "potentially meritorious." <u>Rhines</u>, 544 U.S. at 277.

In his motion for stay, Petitioner has provided the Court with no specific grounds establishing "good cause" for the delay in exhausting his three claims for almost two years, i.e., from the date the California Supreme Court denied his Petition for Review on June 17, 2009, until the present date. Petitioner cites generalized boilerplate legal principles about the need to liberally permit petitioners to exhaust their remedies and about Petitioner's lack of facility with the English language; however, Petitioner provides virtually no *specific* facts regarding the reasons *in this case* why he has delayed for almost two many years before requesting a stay to exhaust claims. This is especially so since Petitioner has been on notice since October 12, 2010, the date Respondent first filed the motion to dismiss for lack of exhaustion, that three of his claims were not exhausted, yet Petitioner did not file his motion for stay until almost four months later, after the Court had issued Findings and Recommendations on the motion to dismiss and after the District Judge had adopted

those Findings and Recommendations.  Nor does Petitioner explain why he filed a habeas petition in the California Superior Court but did not pursue those claims in either the California Court of Appeal or the California Supreme Court, a prerequisite for full exhaustion.  In light of the meager justification Petitioner proffers on the issue of "good cause" for failure to exhaust, the Court is inclined to deny the stay on this ground alone.

However, additionally, the foregoing chronology suggests that, contrary to his assertions, Petitioner has not attempted to exhaust his unexhausted claims in a timely and expeditious manner and, while there is no indication that, in seeking this stay and abeyance, Petitioner intends to harass or delay the proceedings, Petitioner's unexplained two-year delay raises at least a strong, and at present unrebutted, inference of a lack of diligence.  Against this factual setting, Petitioner has provided insufficient grounds for the Court to determine either that Petitioner is proceeding in good faith or that no prejudice would inure to the parties by granting the requested stay.

Finally, and perhaps most importantly, the Court agrees with Respondent that Petitioner has failed to show that his three unexhausted claims are potentially meritorious, as required by Rhines. The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states that the federal courts shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States. See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

As mentioned above, the three unexhausted claims all contend that the evidence presented at

the preliminary hearing failed to meet the essential elements, under California law, for the crimes for which Petitioner was ultimately convicted at trial. The issue of whether, e.g., the evidence presented *at the preliminary hearing* was sufficient, under California law, to bind the case over for trial--as distinct from the issue whether, for due process purposes, the evidence *at trial* was insufficient to sustain a conviction--is essentially a question of state law. As presently framed, those three claims do not allege violations of a federal constitutional right. Nor indeed does Petitioner plead them as violations of a federal constitutional right.

Thus, Petitioner's three unexhausted claims raise only state law questions, and, generally, issues of state law are not cognizable on federal habeas review. Estelle v. McGuire, 502 U.S. 62, 67 (1991)("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'"), *quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-349 (1993)(O'Connor, J., concurring)("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas"). Moreover, "[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." James v. Borg, 24 F.3d 20, 29 (9th Cir.1994). Indeed, federal courts are bound by state court rulings on questions of state law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989). The mere "availability of a claim under state law does not of itself establish that a claim was available under the United States Constitution." Sawyer v. Smith, 497 U.S. 227, 239 (1990), *quoting,* Dugger v. Adams, 489 U.S. 401, 409 (1989). Tinsley v. Borg, 895 F.2d 520, 530 (9th Cir.1990), *cert. denied*, 498 U.S. 1091 (1991) ("incorrect" evidentiary rulings are not the basis for federal habeas relief).

Because Petitioner's three unexhausted claims raise only state law issues, they do not state claims for which federal habeas relief can be granted. Accordingly, the Court cannot conclude that those three claims are "potentially meritorious."

In light of the foregoing, the Court concludes that Petitioner's interest in obtaining federal review of his three unexhausted claims does not outweigh the competing interests in finality and speedy resolution of federal habeas petitions. Rhines, 544 U.S. at 277-278. Because Petitioner has failed to satisfy the criteria established by the United States Supreme Court in Rhines for granting a

stay, Petitioner's motion must be denied.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED as follows:

1. Petitioner's motion for a stay and abeyance of proceedings (Doc. 19), is DENIED;
2. Petitioner is permitted fifteen (15) days within which to file a motion withdrawing his unexhausted Grounds Two, Three, and Four or face dismissal of the petition as a mixed petition.

IT IS SO ORDERED.

Dated:  **May 20, 2011**                           /s/ Jennifer L. Thurston
                                                              UNITED STATES MAGISTRATE JUDGE