UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTABAN D. HERNANDEZ,<br><br>    Petitioner,<br><br>    v.<br><br>CATHY ALLISON, WARDEN<br><br>    Respondent. | Case No.: 1:10-cv-01026 AWI JLT (HC)<br><br>FINDINGS AND RECOMMENDATION DENYING PETITION FOR WRIT OF HABEAS CORPUS<br>(Doc. 1)<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY DAYS |

    Petitioner Estaban Hernandez is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    Petitioner was charged with five counts; the first count alleged second degree murder, the second alleged gross vehicular manslaughter while intoxicated with a prior conviction for DUI, the third and fourth counts alleged causing injuries to others while driving under the influence of alcohol and the fifth count alleged Petitioner was driving on a suspended license. After a jury trial found him guilty of the charges, of pertinence here, the court sentenced him to an indeterminate term of 15-years-to life as to count one and a four-year determinate sentence as to count three and ordered these sentences to be served consecutively.

    Petitioner argues that the imposition of the consecutive sentences by the trial judge is a violation of his Sixth Amendment right to trial by jury. For the reasons set forth below, the Court

1

recommends the Petition for Writ of Habeas Corpus be **DENIED**.

I. **Factual Background**

The factual background is taken from the opinion of the Fifth District Court of Appeal.

*Vehicle Crash*

At 8:45 p.m. on March 17, 2007, Reynalda Bazaldua was driving her two daughters in a Honda Prelude on Comanche Drive. Bazaldua's oldest daughter, who was 13, estimated her mother's speed at 45 miles per hour as they approached a stop sign. Bazaldua's daughter was playing with a cell phone when she saw two headlights coming their way. Bazaldua's daughter blacked out and when she regained consciousness, her mother's car seat was all the way to the back seat of the car.

When California Highway Patrol Officers Julie Leanne Heitzman and Francisco Torres arrived, they found that the front end of the Honda was cru shed and the driver's side door was pinched shut. The roof of the Honda had to be cut open to extract Bazaldua. Bazaldua had major injuries, including blunt force trauma to the face, from which she died. One of Bazaldua's daughters had bruising across her face, chest and legs and complained of stomach pain. The other daughter had a huge hematoma on the left side of her face, her eye was red, and she had bruising and cuts to her ankle, legs, and knees.

Investigators found appellant still inside his vehicle. Appellant could not exit the vehicle because the doors were pinned shut. Torres described appellant's eyes as bloodshot. The odor of an alcoholic beverage emanating from his breath and person was "extremely strong." Appellant's speech was so slurred that Torres had difficulty understanding him. A blood test showed appellant's blood-alcohol level at .20 percent. Another blood-alcohol test placed appellant's blood-alcohol level at .24 percent. For a male appellant's size to have a blood-alcohol level of .24 percent, he would have to consume between 9 and 13 beers each at 12 ounces or 7 to 11 shots of 100 proof tequila each at 1 1/2 ounces.

*Sentencing Hearing*

The probation officer prepared a report for the sentencing hearing noting no circumstances in mitigation and four factors in aggravation: the appellant's prior convictions as an adult are numerous, the appellant was on misdemeanor probation for driving under the influence when he committed the instant offenses, appellant's prior performance on misdemeanor probation was unsatisfactory, and appellant's blood-alcohol level was triple the legal limit. The probation officer recommended that appellant be given a consecutive sentence on counts one and three.

At the sentencing hearing, the trial court noted there were multiple victims and that appellant's culpability increased by the number of those harmed. The trial court found appellant was on misdemeanor probation when he committed these offenses and that his performance on probation was unsatisfactory. The Court found that appellant's high blood-alcohol level was only an aggravating factor as to counts three and four. The court found that the gravity of appellant's offenses was increased because there were multiple victims and applied this factor to counts three and four. The court sentenced appellant to a prison term of 15 years to life on count one and to a consecutive term of four years on count three.

(Respondent's Lodged Doc. ("LD") 3)

II. **Procedural History**

Petitioner appealed the judgment California Court of Appeal. In that appeal, Petitioner raised

the issue now before the Court. (LD 1) The Court of Appeal rejected Petitioner's arguments. (LD 3) Petitioner then filed a petition for review in the California Supreme Court (LD 4) who summarily denied the petition for review on June 10, 2009.  (LD 5)

### III.  Standard of Review

A petition for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the state court decision. Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir.2011) (citing Williams v. Taylor, 529 U.S. 362, 405–06 (2000)).

A state court decision is "contrary to" clearly established federal law if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court precedent on "materially indistinguishable" facts. Price v. Vincent, 538 U.S. 634, 640 (2003). The court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams, 529 U.S. at 412. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. ––––, ––––, 131 S.Ct. 770, 786 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).

Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so

lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 131 S.Ct. at 786–87.

If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir.2008); see also Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir.2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

The court looks to the last reasoned state court decision as the basis for the state court judgment. Stanley, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir.2004). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Richter, 131 S.Ct. at 784–85. Similarly, when a state court decision rejects some claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. Johnson v. Williams, 568 U.S. ––––, ––––, 133 S.Ct. 1088, 1091 (2013).

Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). Stanley, 633 F.3d at 860; Himes v. Thompson, 336 F.3d 848, 853 (9th Cir.2003). "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes, 336 F.3d at 853. Where no reasoned decision is available, the habeas petitioner still has the burden of "showing there was no reasonable basis for the state court to deny relief." Richter, 131 S.Ct. at 784.

### III.     Analysis

A criminal defendant is entitled to a trial by jury and to have every element necessary to sustain his conviction proven by the state beyond a reasonable doubt. U.S. Const. Amends. V, VI, XIV. In Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), the United States Supreme Court held that

4

1  the Due Process Clause of the Fourteenth Amendment requires any fact other than a prior conviction
2  that "increases the penalty for a crime beyond the prescribed statutory maximum" to be "submitted to
3  a jury and proved beyond a reasonable doubt." Similarly, in Blakely v. Washington, 542 U.S. 296,
4  303–04 (2004), the Supreme Court decided that a defendant in a criminal case is entitled to have a jury
5  determine beyond a reasonable doubt any fact that increases the statutory maximum sentence, unless
6  the fact was admitted by the defendant or was based on a prior conviction. Likewise, in Cunningham
7  v. California, 549 U.S. 270, 288-93 (2007), the Supreme Court held that California's Determinate
8  Sentencing Law violates a defendant's right to a jury trial to the extent it permits a trial court to impose
9  an upper term based on facts found by the court rather than by a jury. In response to Cunningham, the
10 California Legislature amended California Penal Code § 1170(b) to vest sentencing courts with the
11 discretion to impose any of the three sentencing tiers by stating the reasons therefore but without
12 requiring factual findings. People v. Sandoval, 41 Cal.4th 825, 843-45 (2007).  In doing so, the
13 Legislature made the upper term the maximum term under California law. Id.

14  Later, in Oregon v. Ice, 555 U.S. 160 (2009), the Court held that judges have discretion to
15 determine whether sentences are imposed consecutively or concurrently under the rules announced in
16 Apprendi and Blakely. The Court found that "[t]he decision to impose sentences consecutively is not
17 within the jury function that 'extends down centuries into the common law.'" Id. at 717 (quoting
18 Apprendi, 530 U.S. at 477). Instead, "specification of the regime for administering multiple sentences
19 has long been considered the prerogative of state legislatures." Id. Thus, the Supreme Court declined
20 to extend the holding in Apprendi to the determination of whether sentences should run concurrently
21 or consecutively. Instead, the Court held that the Sixth Amendment does not prohibit states from
22 assigning to judges the task of finding facts necessary to impose consecutive rather than concurrent
23 sentences. See id. at 164.

24  Nevertheless, Petitioner argues Ice does not control here and asserts instead that the Court
25 should apply Cunningham.  His argument in this regard gains little traction because the issue
26 confronting the trial court was not whether the middle or upper term should be imposed—which
27 requires jury-determined facts—but whether the terms should run consecutively or concurrently.
28 Thus, as noted by the Court of Appeal (LD 3), it is Ice which determines the outcome of this case.

The Court held,

> Appellant contends that his Sixth Amendment right to a jury trial was violated when the trial court sentenced him to consecutive sentences on counts one and three. Appellant challenges the holding of the California Supreme Court in *People v. Black* (2007) 4 1 Cal.4tll 799, 820-823 (*Black II*) that consecutive sentencing is not subject to the Sixth Amendment. The constitutional arguments appellant makes on appeal were recently rejected by the United States Supreme in O*regon v. Ice* (2009) 555 U.S.___ [129 S.Ct. 711, 172 L. Ed.2d 517] . No jury finding is required for a trial court to impose a consecutive sentence. (*Ibid*; *People v. Quintanilla* (2009) 170 Cal.App.4th 406, 414.) We therefore reject appellant's contention.

(LD 3)

Furthermore, for purposes of considering circumstances in aggravation under California Rules of Court 4.425(b), the sentencing judge relied upon facts the jury determined including that there were multiple victims caused by the single act. RT Vol 2 at 459, 463. The jury determined Reynalda Bazaldua was a victim (related to counts 1 and 2) and that either or both of the children were victims as set forth in counts 3 and 4. RT Vol. 2 at 461-463. Likewise, the trial court relied upon other circumstances in aggravation including that Petitioner's blood-alcohol was three times the legal limit at the time of the collision, he was on misdemeanor probation for DUI at the time and he performed unsatisfactorily while on probation. According to Ice, these determinations were within the province of the sentencing court and the Sixth Amendment did not prohibit petitioner's sentencing judge from finding the facts necessary to support the imposition of consecutive, rather than concurrent, sentences. Ice, at 716–19.

Finally, the Court notes that in his petition, Plaintiff's sole argument is that the trial court lacked the authority to order the sentences to be run consecutively based upon a Sixth Amendment right to trial by jury. (Doc. 1 at 5-6) This was the same argument raised in the Court of Appeal (LD 1) and the California Supreme Court[1] (LD 5). In neither of his briefs to the courts of appeal nor in his petition filed in this Court did he claim the trial court erred by violating the "dual use" prohibition set forth by the California Rules of Court Rule 4.425 which, when evaluating whether sentences will run consecutively or concurrently, excludes from consideration any facts upon which the court has relied

---

[1] The Petition for Review asserted *only* a violation of the Sixth Amendment; it did not claim a violation of the Fourteenth Amendment as had been claimed in the Court of Appeal. LD 4. Thus, the claim based upon the Fourteenth Amendment is not exhausted.

6

1. in applying an enhancement. Cal. Rules of Court 4.425(b).  However, in his traverse, for the first time, Petitioner argues the sentencing court violated the "dual use" prohibition and also claims a Fourteenth Amendment violation based upon the trial court imposing the consecutive terms.  The Court declines to consider these claims raised for the first time in the traverse, finds these claims have not been exhausted in the state courts and finds the claim related to the "dual use" prohibition raises only a question of state law.  Accordingly, Petitioner is not entitled to federal habeas relief and the Court recommends the petition for writ of habeas corpus be **DENIED**.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1), be DENIED with prejudice.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 20 days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within 10 days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 4, 2013**                    /s/ Jennifer L. Thurston
                                                              UNITED STATES MAGISTRATE JUDGE